**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRINIDAD ANTONIO FLORES GONZALEZ, | ) ) ) | |
| Petitioner, | ) ) | 3:26-cv-00954 |
| v. | ) ) | |
| LEONARD ODDO et al., | ) ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER GRANING IN PART AND DENYING IN PART WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of El Salvador, is currently detained at Moshannon Valley Processing Center. He entered the United States without inspection in or around 2013, and has remained in the United States since that time. On April 20, 2026, Petitioner was arrested and charged with Assaulting a Law Enforcement Officer, Evading Arrest and Resisting Arrest. (ECF No. 8-1 at 3). On April 30, 2026, Petitioner plead guilty to Disorderly Conduct, Public Drunkenness, and Harassment. (ECF No. 8-1 at 3). All other charges were withdrawn. Since then, Petitioner has been heled in ICE custody without bond or the ability to seek bond. He claims continuing to detain him without bond or the ability to seek a bond in front of an immigration judge is unlawful.

Respondents argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). (ECF No. 8 at 5-6). That statute, commonly known as the Laken Riley Act, requires immigration authorities detain aliens who are inadmissible or removable from the United States and who have engaged in certain criminal activity. *See* Laken Riley Act, S.5, 119th Cong. (2025). It provides that the Attorney General "*shall* take into custody any alien who . . . (i) is inadmissible under paragraph 6(A), 6(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrest

1

for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(E)(ii). Respondents argue that because Petitioner was charged with Assaulting a Law Enforcement Officer he is subject to mandatory detention under the Laken Riley Act. (ECF No. 8 at 7). Respondents alternatively argue that even if the Laken Riley Act did not mandate Petitioner's detention, 8 U.S.C. § 1225(b)(2)(A) justifies continuing to detain Petitioner without providing him an opportunity to seek bond. (ECF No. 8 at 12-15).

Crucially, Petitioner's Assaulting a Law Enforcement Officer charge has been withdrawn. He no longer "*is* charged" with the crime. 8 U.S.C. § 1226(c)(E)(ii). The fact he previously was charged with a crime triggering the Laken Riley Act's mandatory detention provision is of no consequence, because the Act only applies to those currently charged with such crimes. *See Barrera v. Delaney Hall Det. Facility Warden*, No. 26-cv-04252, 2026 U.S. Dist. LEXIS 117704, at *3 (D.N.J. May 28, 2026) (holding that the Laken Riley Act does not apply to those with dismissed charges). Had Congress wished to apply the Act's mandatory detention provision to those who *had been* charged with such crimes, it could have easily said so. *See Stanley v. City of Sanford*, 606 U.S. 46, 52 (2025) ("to ascertain a statute's temporal reach, this Court has frequently look to Congress' choice of verb tense"). As far as Petitioner's convictions, none of them are crimes explicitly identified by the Act as triggering mandatory detention, and there is no evidence or allegation that Petitioner has caused "death or serious bodily injury." *See Santos Barahona v. Jamison*, No. 26-cv-1776, 2026 U.S. Dist. LEXIS 84429, at *4-5 (E.D. Pa. Apr. 17, 2026) (holding that a reckless endangerment conviction did not trigger mandatory detention under the Laken Riley Act without evidence of the crime resulting in death or serious bodily injury).

2

Petitioner's is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore he is entitled to a bond hearing. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 addresses detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). Although our Court of Appeals has yet to weigh in on this issue, this Court joins the United States Courts of Appeals for the Second, Sixth and Eleventh Circuits, and the overwhelming majority of district courts — numbering at least 350 — in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. *See Da Cunha v. Freden*, No. 25-3141, slip op. (2d Cir. Apr. 28, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, slip op. (6th Cir. May 11, 2026); *Fidencio Alvarez v. Warden, Fed. Det. Ctr. Mia.*, No. 25-14065, slip op. (11th Cir. May 6, 2026); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 506-14 (S.D.N.Y. 2025) (collecting 350 cases). The Court's conclusion also aligns with the reasoning of Judge Lee's Opinion for the United States Court of Appeals for the Seventh Circuit. *Castanon Nava v. DHS*, No. 25-3050, slip op. (7th Cir. May 5, 2026). The Court concludes that those decisions supply the appropriate legal rule as to this issue in the context of this matter, as opposed to the decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In the circumstances presented, Petitioner's detention is governed by § 1226(a), and he has a right to an individualized bond hearing.

AND NOW, this 3rd day of June, 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1) is GRANTED IN PART and DENIED IN PART.

It is GRANTED in that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. Within seven (7) days thereafter, the parties shall provide notice to the Court in a filing on the docket of the outcome of the bond hearing. If Petitioner is released as a result of the aforementioned individualized bond hearing or otherwise, Respondents are further ORDERED to return to Petitioner any and all funds or property which may have been seized from him at the time of his arrest or which is otherwise in their custody. All other requests in the petition are otherwise DENIED WITHOUT PREJUDICE to the extent Petitioner seeks any additional relief at this time. The Court retains jurisdiction over the action and the parties pending further proceedings.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: June 3, 2026

CC: All counsel of record.